MICHAEL J. SEXTON, CA Bar No. 153435
michael.sexton@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:    714-800-7900
Facsimile:     714-754-1298

JAMES T. CONLEY, SBN Bar No. 224174
james.conley@ogletree.com
PAUL M. SMITH, SBN Bar No. 306644
paul.smith@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA 95814
Telephone: 916-840-3150
Facsimile: 916-840-3159

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| JENNIFER JONES | Case No. |
|---|---|
| Plaintiff | **DEFENDANT HOME DEPOT U.S.A., INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446** |
| vs. | |
| HOME DEPOT USA, INC. a corporation and DOES 1-100, inclusive | |
| Defendant. | [DIVERSITY JURISDICTION] |
| | [filed concurrently is Civil Cover Sheet and Rule 7.1 Notice of Corporate Disclosure] |

42037445_1.docx

DEFENDANT HOME DEPOT U.S.A., INC'S NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF JENNIFER JONES AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Home Depot U.S.A., Inc. ("Defendant"), a citizen of the States of Delaware and Georgia, and not of California, hereby removes this action to federal court on diversity grounds. Pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendant removes this action from the Sacramento County Superior Court to the United States District Court for the Eastern District of California. As stated herein, complete diversity of citizenship exists between Plaintiff Jennifer Jones ("Plaintiff"), a citizen of California, on the one hand, and Defendant, a citizen of Delaware and Georgia, on the other. Moreover, the amount in controversy exceeds the $75,000 jurisdictional minimum for removal, and these facts were all true when Plaintiff filed her complaint in superior court, and remain true today.

**I.       THE STATE COURT ACTION**

1.       On or about January 29, 2020, Plaintiff filed an action entitled "*Jennifer Jones v. Home Depot USA, Inc., and DOES 1-100 inclusive*" in Sacramento County Superior Court, Case Number 34-2020-00274402 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.       On February 6, 2020, Plaintiff personally served the following documents on Defendant through its registered agent for service of process: (1) Summons, (2) Complaint, and (3) Notice of Case Management Conference and Order to Appear. True and correct copies of the Summons and Notice of Case Management Conference and Order to Appear are attached hereto as **Exhibit B**.

3.       The Complaint sets forth six causes of action, including: (1) Wrongful Termination in Violation of Public Policy; (2) Disability Discrimination in Violation of the California Fair Employment and Housing Act ("FEHA"); (3) Failure to Accommodate Disabilities in Violation of the FEHA; (4) Failure to Engage in the Interactive Process in Violation of the FEHA; (5) Violation of the California Family Rights Act ("CFRA"); and (6) Pregnancy Discrimination in Violation of the FEHA.

42037445_1.docx

2

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

4.      On March 6, 2020, Defendant filed and served its Answer and Affirmative Defenses to Plaintiff's Complaint.  A true and correct copy is attached hereto as **Exhibit C**.

5.      Excluding those documents listed above and attached hereto, Defendant is unaware of the existence of any other documents or pleadings currently on file with the Sacramento County Superior Court in this action.

## II.      REMOVAL IS PROPER

6.      **Venue is Proper**.  The Sacramento County Superior Court is located within the geographical boundaries of the United States District Court for the Eastern District of California. Therefore, venue for purposes of removal is proper pursuant to 28 U.S.C. § 84(c)(2) which mandates that venue is proper in "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Additionally, Defendant is informed and believes that the events allegedly giving rise to this action, as set forth in the Complaint, occurred within this judicial district.

7.      **This Court has Jurisdiction**.  This Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1332 and 1441 based on diversity jurisdiction because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, as discussed more fully below.

## III.      REMOVAL IS TIMELY

8.      Where the complaint in a civil action affirmatively reveals on its face the facts necessary for federal court jurisdiction, a defendant in said civil action must move to remove the matter to federal court within thirty days of receipt of valid service of the summons and complaint. 28 U.S.C. 1446(b)(1) ("[A] notice of removal… shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…" See also, *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237-38 (9th Cir. 2014) (holding removal within 30 days of new developments in the law demonstrating removability of action proper); *Murphy Bros Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger 30-day removal period).

////

42037445_1.docx

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

9. Federal Rule of Civil Procedure 6(a)(1) governs the computation of time for actions in federal court. Federal Rule of Civil Procedure 6(a)(1)(C) notes to include the last day of the period, but "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

10. Here, Plaintiff served the Complaint on February 6, 2020 and thirty days therefrom is Saturday March 7, 2020. Removal is thus timely pursuant to Federal Rule of Civil Procedure 6(a)(1) because removal is effected within 30 days of service on the next available court day – March 9, 2020. See, Computer Services v. Datapoint Corp., 641 F. Supp. 1579, 1581 (M.D. LA 1986) (30 day removal period extended where last day following service falls on Saturday); Medina v. Wal-Mart Stores, Inc., 945 F. Supp. 519, 521 (W.D. NY 1996) (same); Fleming v. United Teachers Associates Ins. Co., 250 F. Supp. 2d 650, 661 (S.D. WV 2003) (continuing 30 removal period until first day after court-recognized Thanksgiving holiday).

IV. **GROUNDS FOR REMOVAL**

11. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district court shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332.

12. As set forth below, this Court has original jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action is properly removable under 28 U.S.C. § 1441.

V. **COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES**

13. This timely Notice of Removal is premised upon the existence of complete diversity of the parties. Plaintiff is a citizen of the State of California and Defendant is a citizen of the States of Delaware and Georgia.

////

42037445_1.docx

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

14.    **Plaintiff is a Citizen of California**: For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

15.    As set forth in the Complaint, Plaintiff "is, and at all times mentioned in this complaint [was], a resident of El Dorado County, State of California California..." Exhibit A, Complaint, at ¶ 1. As such, Plaintiff is domiciled in and for purposes of diversity jurisdiction is a citizen of the State of California.

16.    **Home Depot U.S.A., Inc., Is Not a Citizen of California**: The citizenship of a corporation is both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332©. When determining a corporation's principal place of business for diversity analysis, courts refer to the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Another way to put it, is that a corporation's principal place of business is where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

17.    At all times relevant to the Complaint, Defendant's principal place of business was in Fulton County, Georgia. There, Defendant performs the vast majority of its executive and administrative functions at its corporate headquarters. *Balian v. Home Depot U.S.A., Inc.*, 2017 WL 4083563 at *2 (C.D. Cal. Sept. 14, 2017). Moreover, pursuant to *Hertz, supra*, Defendant's "nerve center" is in Georgia, not California. *Id.* at 2017 WL 4083563 at *3 (C.D. Cal. Sept. 14, 2017).

18.    At all times relevant to the Complaint, Defendant was incorporated in the State of Delaware. *Balian, supra*, 2017 WL 4083563 at *2 (C.D. Cal. Sept. 14, 2017).

19.    Therefore, Defendant is (and at all times relevant to the Complaint, was) a citizen of the States of Georgia and Delaware. *Balian, supra*, 2017 WL 4083563 at *2 (C.D. Cal. Sept. 14, 2017) (denying remand motion and holding "Home Depot is a citizen only of the States of Delaware and Georgia, and not California, for the purpose of 28 U.S.C. Section 1332" and that "the complete diversity of citizenship requirement is satisfied."); see also, *Arellano v. Home Depot*

42037445_1.docx

5

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

*U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1107 (S.D. Cal. 2003) (denying motion to remand, holding that Home Depot is a citizen of Delaware (its state of incorporation) and Georgia (its principal place of business), and that complete diversity of citizenship existed between Home Depot and plaintiff, a citizen of California.)

20.     **"Doe" Defendants' Citizenship**: "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).  Inclusion of "Doe" defendants in a state court complaint has no effect on removability.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition).  Therefore, Plaintiff's inclusion of "DOES 1-100" in the Complaint cannot defeat diversity jurisdiction.

## VI.     THE JURISDICTIONAL MINIMUM IS MET

21.     To establish whether this Court's $75,000 amount in controversy requirement is met, the Court may look to the Complaint and the removal papers for underlying facts establishing its existence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). An action may be removed so long as the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and cots. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

22.     In determining the $75,000 threshold, the Court must consider all recoverable damages, including the aggregate of general damages, special damages, emotional distress, punitive damages, statutory penalties, and attorneys' fees. *Galt G/S v JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy analysis, regardless of whether such an award is mandatory); *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (projected punitive damages award must be taken into account where recoverable under state law); *Conrad Associates v. Hartford Acc.*

////

////

42037445_1.docx

6

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

*& Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (amount in controversy includes claims for general and special damages).[1]

23. **Lost Earnings**: Plaintiff prays for both general and special damages in an amount "according to proof." Complaint, Prayer for Relief ¶¶ 1-2. Plaintiff alleges that worked 12 to 15 hours per week at $16.00 per hour prior to going on pregnancy leave from June 28, 2017 to September 6, 2017. Complaint, ¶ 9, 12. Plaintiff alleges that she was then denied an opportunity to return to work, with accommodations, and was ultimately terminated. Complaint, ¶¶ 13-31. Accepting Plaintiff's allegations as true, and assuming that her condition never improved to the point of allowing her to work more hours, Plaintiff would have been eligible to earn approximately $240.00 per week ($16.00/hr. worked x 15 hours per week) dating back to September 6, 2017. It has now been approximately 130 weeks since that date (September 6, 2017 to March 9, 2020), bringing her potential wage loss claim to approximately $31,200 ($240.00/wk. x 130 weeks). Assuming it takes at least one year from the date of this removal to bring this matter to trial (52 weeks), Plaintiff's wage claim will rise an additional $12,480 ($240.00/wk. x 52 weeks) to approximately $43,680.

24. In addition to the aforementioned backpay, a plaintiff who successfully alleges wrongful termination or discriminatory discharge of employment (as here) generally seeks an award of front pay. See, e.g., *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement in discrimination matter); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation). Even a modest award of one year of front pay would add an additional $12,480 in damages to the aforementioned $43,680 backpay award. See, *Glenn-Davis v City of Oakland*, 2008 WL 410239 at *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in discrimination suit).Thus, Plaintiff's pray for lost wages alone more likely than not exceeds $55,000 alone.

42037445_1.docx

---

[1] That Plaintiff did not allege a specific amount in controversy in her Complaint is immaterial for removal purposes so long as Defendant can show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

7

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

25. **Emotional Distress**. Plaintiff also seeks compensation for general damages, including emotional distress. According to her Complaint, Plaintiff "has suffered and continues to suffer *humiliation, embarrassment, mental and emotional distress…*" Complaint, ¶ 41 (emphasis added); see also, Complaint ¶ 50, 57, 64, 72, and 83 (same). This prayer for emotional distress damages alone is likely sufficient to meet the amount in controversy requirement, as shown by a recent review of jury verdicts in California. See, e.g., *Cosby v Autozone, Inc.*, 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010) (award of $1,326,000 in mental suffering to employee terminated in disability discrimination action); *Kolas v. Access Business Group, LLC*, 2008 WL 496470 (Los Angeles County Superior Court Jan. 14. 2008) ($200,000 non-economic damages award in age discrimination action). Therefore, Plaintiff has claimed emotional distress damages that alone likely satisfy the amount in controversy requirement for removal.

26. **Punitive Damages**. Plaintiff also claims an entitlement to punitive damages. Complaint, ¶¶ 6, 42, 51, 58, 73, and 84; Prayer for Relief, ¶ 4. Requests for punitive damages must be considered when ascertaining the amount in controversy for removal. *Davenport v Mutual Ben. Health & Acc. Assn., supra*, 325 F.2d at 787. For amount in controversy purposes, the court conclude that the Plaintiff will prevail on her claim for punitive damages. See, *Richmond v. Allstate In. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential punitive damages award). In California cases, such punitive damages awards are often sufficient to satisfy the amount in controversy requirement alone. See, e.g., *Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court, Oct. 7, 2001) ($600,000 punitive damages award); *Wadler v. Bio-Rad Laboraties, Inc.*,

27. **Attorneys' Fees**. Plaintiff also seeks to recover attorneys' fees under the California FEHA. Complaint, ¶¶ 52, 59, 75, and 86; Prayer for Relief ¶ 7. Requests for attorneys' fees are properly included in any accounting of the amount in controversy. See, *Galt G/S v. JSS Scandinavia, supra*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether award is discretionary or mandatory).

28. Here, Defendant anticipates that the parties will propound written discovery and that depositions of key witnesses, including a deposition of Plaintiff herself, will be necessary to

42037445_1.docx

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

evaluate the claims at issue. It is also likely that Defendant will file a motion for summary judgment, or partial summary judgment. Preparing for and responding to these actions alone is likely to trigger significant attorneys' fees, which Plaintiff can recover under the FEHA if successful on her claims. *Brady v Mercedez-Benz, USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (including "a reasonable estimate of attorneys' fees likely to be incurred to resolution") in calculating amount in controversy.

29.    Recently, the Northern District of California awarded more than $40,000 in attorneys' fees to the prevailing plaintiff in obtaining a <u>default judgment</u> under the FEHA. *Andrade v Arby's Restaurant Group, Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016). There, the Court found that the lead attorney's $550 hourly rate and the associate's $350 hourly rate were both reasonable. *Id.*

30.    Using an extremely conservative estimate of just 100 hours through trial at $300 per hour, Plaintiff's attorneys' fees would be $30,000. Combined with the aforementioned wage loss claim, this easily pushes the amount in controversy above $75,000, without consideration for punitive damages and emotional distress, all of which must be included in the court's final assessment of removability.

31.    Based on the foregoing damages analysis, it is more like than not that Plaintiff's claims for lost wages, emotional distress damages, punitive damages, and attorneys' fees exceed the $75,000 jurisdictional threshold. Therefore, removal is proper.

## VII.    SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

32.    In accordance with 28 U.S.C. ¶ 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

33.    This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

34.    In accordance with 28 U.S.C. § 1446(a), thi Notice of Removal is accompanied by Exhibits A, B, and C, which together are copies of all process, pleadings, and orders served on Defendant to date.

////

42037445_1.docx

9

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

35.     In accordance with 28 U.S.C. § 1446(b), Defendant's Notice of Removal was filed within the requisite time period after service of the Complaint on Defendant.

36.     In accordance with 28 U.S.C. § 1446(d), Defendant will provide written notice of the removal of this action to counsel for Plaintiff and will file a copy of this Notice of Removal with the Sacramento County Superior Court.

## VIII.   PRAYER FOR REMOVAL

37.     WHEREFORE, Defendant now prays for removal of the above-entitled action from the Sacramento County Superior Court to this United States District Court for the Eastern District of California. Defendant respectfully requests that this Court exercise its removal jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this civil action is between citizens of different states and the matter in controversy clearly exceeds the $75,000 jurisdictional threshold for jurisdiction in this Court, exclusive of interest and costs.

38.     In the event this Court questions the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the Court on the basis for its removal prior to making its final order.

DATED:  March 9, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Michael J. Sexton
James T. Conley
Paul M. Smith

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

42037445.1

42037445_1.docx

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF CIVIL ACTION